UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80763-CV-MIDDLEBROOKS
(18-80219-CR-MIDDLEBROOKS)
MAGISTRATE JUDGE REID

STEVEN SNIPE,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

_____/

**REPORT OF MAGISTRATE JUDGE**

**I. Introduction**

This Cause is before the Court upon Movant's Amended Motion to Vacate, brought pursuant to 28 U.S.C. § 2255, and attacking his convictions and sentences entered in Case No. 18-80219-CR-MIDDLEBROOKS.[1] [ECF No. 8]. This matter has been referred to the Undersigned for consideration and report pursuant to S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. As discussed below, the Motion should be **DENIED**.

**II. Claims**

Construing the Motion and its memorandum of law liberally, consistent with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Movant claims Counsel was ineffective for not filing a

---

[1] This Report uses the citation "[ECF No.]" to reference docket entries in the instant federal habeas case. Citations to "[CR ECF No.]" refer to docket entries in the underlying criminal case.

motion to suppress. [ECF No. 8]. Because Movant's argument is so short, it will be reproduced in its entirety below:

> Counsel was ineffective for failing to move for a suppression hearing for an illegal search of hotel. When the police was called by a 15 year old girl claiming to be sex-trafficked, when police arrived the 15 year old was outside of the hotel not in the vicinity of defendant. Police found def[endant] outside of hotel and placed him under arrest. The police did not have a search warrant for the hotel room. The hotel room was in Defendant's name and never gave police permission to enter the room. This violated Def[endant]'s constitutional rights when also police did a pat search and took the key and entered the room. Had counsel pursued a suppression Def[endant] would have won and the outcome would have been different. The body cams will show this. [ECF No. 8 at 4].

### III. Pertinent Factual and Procedural Background

Movant was charged with (1) sex trafficking of a minor by force, fraud, and coercion in violation of 18 U.S.C. § 1591 and (2) production of child pornography in violation of 18 U.S.C. § 2251. [CR ECF No. 1]. Movant pleaded guilty to sex trafficking of a minor - without the force, fraud, or coercion elements - and to production of child pornography. [CR ECF Nos. 19; 23 at 16-30; 50; 58]. Movant was sentenced to a term of 180 months' imprisonment with a 10-year supervised release period to follow. [CR ECF No. 58]. Judgment was entered on June 7, 2019. [*Id.*]. Movant did not appeal. Pursuant to the prison mailbox rule,[2] Movant's initial motion to vacate was signed and presumptively filed on April 24, 2020, thus making it timely under 28 U.S.C. § 2255(f)(1). [ECF No. 1].

### IV. Standard of Review

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence

---

[2] Absent evidence to the contrary, *pro se* prisoners presumptively deliver their filings to prison authorities on the date of signing. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). And the date of delivery is treated as the date of filing. *See id.*

2

was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a).

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations and internal quotations omitted). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**V. Discussion**

A. Generally Applicable Rules

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An ineffective assistance of counsel claim may be raised with respect to errors made by trial counsel or direct appeal counsel, and both are governed by *Strickland*. *See, e.g.*, *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016).

The deficiency prong is met if no competent counsel would have taken the action that counsel took during the proceedings. *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). Regarding the prejudice prong, it is met if, but for counsel's deficient performance, the outcome of the proceeding would have been favorable. *See Strickland*, 466 U.S. at 694. And yet, the error must also be "so serious" that the error "deprive[d] the defendant of a fair trial, a trial whose result is reliable[,]" in order to satisfy the prejudice prong. *Id.* at 687.

B. <u>Analysis of Movant's Claim</u>

Movant contends Counsel was ineffective for not filing a motion to suppress evidence discovered in a hotel room without a search warrant. [ECF No. 8 at 4]. Movant's claim is facially insufficient and should be denied.

To begin, Movant's allegations are subject to a heightened pleading standard in this proceeding. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (discussing how the § 2255 Rules mandate fact pleading as opposed to notice pleading, as authorized by Fed. R. Civ. P. 8(a)). Movant was made aware of this requirement in the Order to Amend, where he was notified "that any claims lacking sufficient factual support [would] be subject to dismissal" and that "no further amendments [would] be permitted." [ECF No. 7 at 4]. Finally, the form used by Movant and

4

provided to him by the Clerk of Court also provides that he must: "[s]tate the facts supporting each ground" and "state specific facts that support your claim." [ECF No. 8 at 4]. Movant failed to comply with the Court's Order and failed to follow the directions on the form provided, which ultimately resulted in him not meeting the heightened pleading requirements. *See Borden*, 646 F.3d at 810. On this basis alone, the Motion should be denied.

However, in addition to this fatal flaw, the Motion should be denied because a movant has the burden of proving their counsel was ineffective, and Movant fails to even discuss the required *Strickland* prongs in any substantive fashion. *See e.g.*, *Strickland*, 466 U.S. at 687 (explaining a defendant must make a sufficient showing on both prongs). Although Movant contends his counsel was ineffective for not filing a motion to suppress, he has not alleged facts to support a finding of prejudice outside of a single bare assertion that the outcome would have been different.

Movant plead guilty to the offense. To show prejudice, Movant must allege he would not have pled guilty and would have insisted on going to trial had Counsel not acted deficiently. *See Davidson v. United States*, 138 F. App'x 238, 240 (11th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Movant made no such allegations. [ECF No. 8 at 4]. Instead, he provides only a conclusory statement that the outcome would have been different, which is simply not enough. *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (failing to provide a factual basis for the claim amounts to conclusory allegations, which cannot support an ineffective-assistance claim); *see also Garcia v. United States*, 456 F. App'x 804, 807-08 (11th Cir. 2012) (holding that "bare allegations" lacking specificity could not establish prejudice); *Hollis v. Smith*, 134 F. App'x 364, 367 (11th Cir. 2005) (explaining "conclusory allegations" and "mere speculation" are insufficient to support ineffective-assistance claim).

Movant's Motion likewise fails to specify what evidence was gathered from the hotel room illegally, thus it cannot be said that his proposed motion to suppress would have been successful. *See United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) ("A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented.... A court need not act upon general or conclusory assertions....") (internal quotation marks omitted). Therefore, without facts as to what evidence should have been suppressed, it is impossible for Movant to proffer sufficient facts to support the prejudice prong. *See Wilson*, 962 F.2d at 998.

Lastly, there is no reasonable probability of a more favorable outcome. Movant agreed during his plea colloquy that search warrants for the LG cellphone that he purchased for the victim, who was a minor, contained "several videos and multiple photographs depicting [her] in various stages of undress, completely nude, posing in seductive poses[.]" [CR ECF No. 23 at 25, 29].[3] He also agreed that a search warrant for his vehicle would yield "a leopard-style cocktail dress in the vehicle… [which] matched a dress that [the victim wore] in the [online] ads [for prostitution]." [*Id.*]. Because that information was obtained by search warrant, and is unchallenged here, Movant cannot prove a reasonable probability of a favorable outcome had he proceeded to trial. *See Strickland*, 466 U.S. at 694. The Court need not address deficiency because Movant cannot satisfy the prejudice prong. *See id.* at 697 (explaining a court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs).

## VI. Evidentiary Hearing

---

[3] The Record shows Movant objected to actually having or documenting a sexual relationship with the victim, which the Court accepted because it was immaterial to supporting either count he pleaded guilty to. [CR ECF No. 23 at 28-29].

6

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015). However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Id.* at 1263 (relying upon *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)); *cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context). Here, Movant cannot show an evidentiary hearing would prove he is entitled to relief. The record and his allegations are sufficient to review this case.

### VII. Certificate of Appealability

A movant seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal and must first obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a COA only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a COA, movants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001). In this case, there is no basis to issue a COA. If Movant disagrees, he should present his argument to the District Judge in his objections.

### VIII. Conclusion

Based on the foregoing, it is **RECOMMENDED** that the Amended Motion to Vacate be **DENIED**. [ECF No. 8]. In addition, an evidentiary hearing should be **DENIED**, and the Court

should **NOT ISSUE** a certificate of appealability. Accordingly, this case should be **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 9th day of October, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:   Steven Snipe
      19356-104
      Petersburg Medium
      Federal Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 1000
      Petersburg, VA 23804
      PRO SE

      Gregory Schiller
      U.S. Attorney's Office
      500 S. Australian Ave.
      Suite 400
      West Palm Beach, FL 33401
      954-789-6285
      Email: gregory.schiller@usdoj.gov

      Noticing 2255 US Attorney
      Email: usafls-2255@usdoj.gov