**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-80763-CV-MIDDLEBROOKS
(Case no. 18-80219-CR-MIDDLEBROOKS)
MAGISTRATE JUDGE REID

STEVEN SNIPE,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND CLOSING CASE

THIS CAUSE is before the Court on Movant Steven Snipe's letter inquiry dated January 29, 2021. (DE 15). On October 9, 2020, Judge Reid issued a Report recommending that Movant's Motion to Vacate Sentence under 28 U.S.C. § 2255 be denied, that no certificate of appealability be issued, and the case be closed. (DE 11). The Report advised Movant that he had fourteen days within which to file objections. (DE 10 at 8). On November 19, 2020, having received no objections, I adopted Judge Reid's Report, denied the motion to vacate and closed this case. (DE 11).

Then, on December 7, 2020, Movant filed a "Motion to Set Aside Judgment Pursuant to Fed. R. Civ. P. 60(b)" (DE 13), contending that he did not receive Judge Reid's Report, and only recently learned that I had adopted the Report through court correspondence he had received in his underlying criminal case. (DE 13 at 2-3). Movant requested that I "allow [Movant] an opportunity to file his objections" and also requested a copy of Judge Reid's Report. (DE 13 at 4). I construed the motion as a request to permit late-filed objections to the Magistrate Judge's

Report and I granted it. (DE 14). I set an extended deadline of January 4, 2021 to file objections and also reopened the case for this purpose. (*Id.*). Attached to my Order was a copy of Judge Reid's Report.  (*See id.* Attachment 1). My order was dated December 15, 2020. (*Id.*).

The extended deadline to object has now passed. On January 25, 2021, Movant mailed the instant letter to the clerk's office for filing. (DE 15). In the letter, Movant inquires whether he has a lawyer in this habeas action, and also states: "by my understand[ing] my case has been refiled on 12/14/2020. Today is the 25th of January . . . and I still have not received the response to my (2255). I don't know what's goin[g] on with the mail. . . . Also, I would like to request a copy of my docket sheet to see the status of my case during this moment." (DE 15).

It is apparent to this court from Movant's letter that he received my Order dated December 15, 2020 reopening his case and extending the deadline for him to file objections to the Report. That order included a copy of the Report, which I presume Movant must also have received in the same mailing. Instead of filing objections, which Movant expressed he intended to do when he filed his Motion to Reconsider in early December, he has filed this letter asserting (again) that he is not receiving mail in prison and that he is therefore unaware of the status of these proceedings. In light of the fact that Movant makes reference to my December 15th order in his letter (DE 15), I do not find credible his assertions that he did not receive recent court mailings. Movant could have filed timely objections but he has not done so.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. My prior Order adopting the Magistrate Judge's report (DE 11) is **REINSTATED**.

2. Judge Reid's Report (DE 10) is **ADOPTED**, the Motion to Vacate under 28 U.S.C. § 2255 (DE 8) is **DENIED**, and no certificate of appealability shall issue for the reasons set forth in my prior Order.

3. The clerk of Court is directed to **CLOSE THIS CASE**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 3rd day of February, 2021.

Donald M. Middlebrooks
United States District Judge

Copies to:   Counsel of Record
Steven Snipe
19356-104
Petersburg Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1000
Petersburg, VA 23804
PRO SE